IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. Andrew McCarley<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL AEROSPACE TECHNOLOGIES, INC.; AVIATION INDUSTRY CORPORATION OF CHINA, KAREN HONG<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:24-cv-00148-JB-N |

**MOTION FOR LEAVE TO FILE AND PROVISIONALLY SEAL SECOND AMENDED COMPLAINT**

COMES NOW, Plaintiff Andrew McCarley (Plaintiff), pursuant to Fed. R. Civ. P 15(a), Local Rule 5.2, and the Settlement Agreement entered in this matter, who respectfully requests leave to file a Second Amended Complaint. Plaintiff further requests that the Court provisionally seal the proposed Second Amended Complaint for a limited period while the Court considers and rules on certain claims of attorney-client privilege and work-product doctrine protection asserted by Defendant Continental Aerospace Technologies, Inc. (Continental) related to the factual allegations contained in Plaintiff's Complaint, First Amended Complaint, and the proposed Second Amended Complaint.

## PROCEDURAL HISTORY

On May 10, 2024, Plaintiff Andrew McCarley filed the initial Complaint in this action alleging that Defendants Continental Aerospace Technologies, Aviation Industry Corporation of China and Karen Hong (Defendants) falsified the foreign ownership, employee headcount and other information in order to fraudulently receive funds under the Paycheck Protection Program (PPP) in the wake of the COVID-19 global pandemic and therefore violated 31 U.S.C. 3729(a)(1)(A), (B), (C) and (G). *See* Doc. 1(Sealed). Thereafter, Relator filed the First Amended Complaint in this action, which continued to allege these claims on behalf of the United States and included a claim on behalf of Plaintiff himself for unlawful retaliation in violation of the False Claims Act under 31 U.S.C. § 3730(h)(the False Claims Act Anti-Retaliation Provision). *See* Doc. 8(First Amended Complaint)(Sealed). On August 5, 2026, the United States filed a Notice of Election to Intervene in Part for Purpose of Settlement and Motion for a Partial Lift of the Seal. On August 11, 2026, the United States—through the Department of Justice—announced a settlement of the United States' claims alleged in Relator's respective complaints.[1]

### I. Plaintiff's Request for Leave to File the Proposed Second Amended Complaint.

The United States, Plaintiff, and Continental (the Parties) agreed to a Settlement Agreement which resolved the "Covered Conduct" as defined by the Settlement Agreement—which included Counts One through Four of Plaintiff's First Amended Complaint under 31 U.S.C. 3729. *See* Doc. 8 at ¶¶76–102. The Parties did not resolve Plaintiff's claims for reasonable attorney's fees, costs and expenses under 31 U.S.C. § 3730(d). Additionally, Plaintiff and Continental did not resolve

---

[1] Press Release. U.S. Dep't of Justice. "Chinese-Owned Company to Pay More Than $11M to Resolve False Claims Act Allegations relating to Paycheck Protection Program Loan." Available at: https://www.justice.gov/opa/pr/chinese-owned-company-pay-more-11m-resolve-false-claims-act-allegations-relating-paycheck

Plaintiff's claims under the FCA Anti-Retaliation Provision, 31 U.S.C. § 3730(h), nor his claims for expenses, attorneys' fees and costs incurred in pursuit of his claim under the FCA Anti-Retaliation provision claims, 31 U.S.C. § 3730(h), alleged in Count Five of his First Amended Complaint. *See* Doc. 8 at ¶¶ 103–105. In sum, as a result of the Settlement Agreement, some of the claims in Relator's First Amended Complaint have been resolved but others remain pending.

The Eleventh Circuit prohibits the partial dismissal of actions under Fed. R. Civ. P. 41(a), *See e.g. Silver Comet Terminal Partners, LLC v. Paulding Cnty. Airport Auth.,* No. 21-12906, 2023 WL 2988443, at *9 (11th Cir. Apr. 18, 2023). Thus, for Plaintiff to continue to pursue his unresolved claims, the Parties agreed that Plaintiff will file an amended complaint that removes the resolved claims and retains the remaining claims. Accordingly, Plaintiff moves for leave to file the Second Amended Complaint, which will remove the resolved claims on behalf of the United States but retain Plaintiff's retaliation claim under 31 U.S.C. 3730(h), Relator's claims for attorney fees under 31 U.S.C 3730(h)(2), and Relator's claims for attorney fees incurred in prosecution of the United States claims under 31 U.S.C. 3730(d). *See* Sealed Exhibit A.

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. *Id.* By filing the proposed Second Amended Complaint which removes the resolved claims and alleges only the live, unresolved claims, Plaintiff will comply with Eleventh Circuit law, promote judicial efficiency, and comply with the terms of the Settlement Agreement. Therefore, Plaintiff avers that there is good cause to grant leave to file the Proposed Second Amended Complaint and his request for leave to file the Second Amended Complaint should be freely granted. *See* Fed. R. Civ. P. 15(a)(2)

## II. Plaintiff's Request to Provisionally Seal the Second Amended Complaint

The First Amended Complaint and proposed Second Amended Complaint provide detailed factual allegations and a legal basis for Plaintiff's claim for unlawful termination in violation of 31 U.S.C. § 3730(h). However, Continental has asserted that some factual allegations in Plaintiff's respective Complaints are protected under the attorney-client privilege and work-product doctrine. Due to Continental's concerns, the United States' Notice of Election to Intervene and Motion for a Partial Lift of the Seal requested that "the Complaint [Doc. 1] and First Amended Complaint [Doc. 8] remain under seal." *See* Doc. 13. Based on this request, Plaintiff's Complaints in this action remain sealed.

Plaintiff disagrees with Continental's assertion of privilege and has informed it that even if the allegations in the First Amended Complaint are potentially privileged, they are excluded from protection based on the "crime-fraud" exception because the asserted privileged allegations were made in furtherance of an ongoing or future crime or fraud. *See Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1335 (11th Cir. 2018). Though the Parties disagree regarding Continental's privilege claims, Plaintiff has continued to cooperate with Continental to swiftly adjudicate his remaining claims while acknowledging Continental's privilege claims. To do so, Plaintiff has agreed to seek the Court's permission to provisionally file the Second Amended Complaint under seal until the Court determines the applicability of Continental's asserted privilege claims and whether they justify keeping the Second Amended Complaint and associated filings in this matter under seal. Accordingly, the proposed Second Amended Complaint is attached hereto as a sealed exhibit.

### A. The provisional seal on the proposed Second Amended Complaint should be narrowly limited considering the public's interest in the efficient and transparent administration of justice.

Plaintiff requests that the proposed Second Amended Complaint be provisionally sealed only, with any sealing narrowly tailored to permit determination of the applicability of Continental's privilege claims, Plaintiff's arguments excluding the allegations from protection based on the crime-fraud exception, and the Court's determination of whether the Second Amended Complaint and associated filings should remain sealed. "It has long been accepted in federal courts that application of the attorney-client privilege conflicts with the general principle that court proceedings are public affairs, and therefore the privilege should be narrowly construed. *White v. GM L. Firm, LLC*, No. 21-80896-CIV, 2021 WL 10257674, at *1 (S.D. Fla. June 25, 2021). Further, because Continental has invoked the attorney-client privilege, it has "the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991).

The allegations that Continental claims are protected communications go to the heart of this dispute and are critical to Plaintiff's claims. Accordingly, Plaintiff cannot remove these allegations from the proposed Second Amended Complaint because they establish necessary elements of his claim for unlawful retaliation. Further, sealing the Second Amended Complaint will require most, if not all, of the filings in this matter to be sealed or heavily redacted—which would severely limit the public's right of access to the courts and impose an undue burden on the Parties and the Court by requiring extensive sealed or redacted filings. Finally, Plaintiff contends these allegations are not privileged, and even if they are, the crime-fraud exception applies and exempts them from protection.

Nevertheless, based on discussions with counsel for Continental, Plaintiff respectfully requests that the Court permit the proposed Second Amended Complaint to be filed under seal and set a status conference to establish a briefing schedule for the Parties' respective positions, as well

as to address the need for discovery regarding Continental's privilege claims and Plaintiff's arguments. These proceedings will assist the Court in determining whether the Second Amended Complaint and associated filings should remain under seal.

Respectfully Submitted: September 2, 2026

/s/ Benjamin P. Bucy
Benjamin P. Bucy (*PHV*)
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: 504-589-9700
Facsimile: 504-589-9701
bbucy@barrassousdin.com

/s/ James F. Barger, Jr.
JAMES F. BARGER JR.
J. ELLIOTT WALTHALL

Attorneys for Relator

**Certificate of Service**

On or before this the 2nd day of September 2026, Relator hereby certifies that in compliance with Rule 4 of the Federal Rules of Civil Procedure, service of this *Qui Tam* Complaint has been executed upon Counsel for Defendants and Counsel for the United States.

/s/ Benjamin P. Bucy
Of Counsel